Leo F. Donahue, Esq. - SB#114484
LEO F. DONAHUE, INC.
11344 Coloma Road, Suite 160
Gold River, California 95670
Tel: (916) 859-5999
Fax: (916) 859-5984
donahue@lfdlaw.net

Attorney for Plaintiff,
ANGELA OLSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA OLSON,<br><br>        Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONO, a Public Entity; HECTOR GONZALEZ, in his Official and Personal Capacities; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. 2:13-CV-02445-LKK-CKD<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. INJUNCTIVE RELIEF FROM DISCRIMINATION/RETALIATION BASED ON PHYSICAL/MENTAL DISABILITY [42 USC § 12101, ET SEQ 12201 et seq.]**<br>**2. DISCRIMINATION BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12920 ET SEQ]**<br>**3. FAILURE TO REASONABLY ACCOMMODATE BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12940(m) ET SEQ]**<br>**4. FAILURE TO ENGAGE IN INTERACTIVE PROCESS BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12940(n)20 ET SEQ]**<br>**5. RETALIATION FOR ASSERTING RIGHTS PURSUANT TO FEHA [CAL. GOVT CODE §12940(h) ET SEQ]**<br>**6. FAILURE TO PREVENT DISCRIMINATION/HARASSMENT FROM OCCURRING) [Govt. Code § 12940(k)]**<br>**7. DISCRIMINATION/RETALIATION BASED ON PHYSICAL/MENTAL DISABILITY [42 USC § 1983, et seq.]**<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR DAMAGES**          1

COMES NOW Plaintiff and complains and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC §§ 1983, 12101, et seq., and 12201, et seq.; California Government Code sections 12920, et seq.; and, the rules, regulations, and directives implementing said statutes. This Court has subject matter jurisdiction pursuant to 28 USC § 1331 and pendant jurisdiction over the state claims pursuant to 28 USC § 1367.

2. Venue is proper in this Court pursuant to 28 USC 1391; the events causing the injuries and/or damages occurred within the jurisdiction of the United States District Court, Eastern District of California where the Defendant Superior Court of California, County of Mono has its headquarters. The Plaintiff resides in Mono County, California.

## II. PARTIES

3. At all times pertinent, Plaintiff Angela Olson, is, and was, a female adult, a resident of the State of California, who was an employee of the Superior Court of California, County of Mono, working in Mono County.

4. Defendant, Superior Court of California, County of Mono ("Defendant Employer") is and at all times relevant hereto was, a public entity which may be sued for the wrongful acts of its officers and employees, which are performed within the course and scope of said employment.

5. Defendant HECTOR GONZALEZ, ("Gonzalez") is and at all times relevant hereto was, a individual acting under color of state law who may be sued for his wrongful acts which are performed within the course and scope of said employment.

**AMENDED COMPLAINT FOR DAMAGES**          2

6.   Plaintiff is informed and believes and thereupon alleges that, except as otherwise alleged in the specific causes of action, at all times relevant hereto, were the agents/employees of the defendants were responsible in some actual manner for the acts, events and happenings referenced herein, and that at all times herein mentioned, the agents/employees of the defendants were the partners, principals, agents, co-conspirators, and/or employees of the defendants, and in doing the things herein alleged, each was acting within the course and scope of such partnership, agency, service, and/or employment, and with the permission, consent and knowledge of the defendants.

7.   The true names and capacities of the defendants sued herein under the Code of Civil Procedure, section 474, as DOES 1 through 100 are unknown to the Plaintiff, who therefore sues said defendants by such fictitious names and will amend this complaint to include their true names and capacities when the same are ascertained, together with appropriate charging allegations. Plaintiff is informed and believes, and on such information and belief alleges, that each of the fictitiously named defendants, unless otherwise alleged, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by these defendants.

### III.   GENERAL ALLEGATIONS

8.   The Plaintiff was hired by the Defendant Employer on/about May 2, 2010, and had been employed continually therefrom as a Deputy Clerk until her wrongful termination on/about August 1, 2013, because of her disability and/or because she disclosed

AMENDED COMPLAINT FOR DAMAGES        3

what she reasonably believed were violations of state and/or federal statutes and/or non-compliance with state and/or regulations.

9. The Plaintiff performed her job in an acceptable manner until her termination in violation of public policy. At all times mentioned herei, the Defendants, and each of them, were acting under color of state law

10. Beginning in/about early 2012, the Plaintiff was discriminated against, harassed and retaliated against because of her physical/mental disability. This illegal disparate activities, which was fully known to Defendant Employer and her superiors to include Defendant Gonzalez, consisted of, but not limited to:

   a. knowingly allowing a dangerous, hostile work environment to exist where Plaintiff's physical safety was continuously in jeopardy;
   b. failing to take immediate and effective corrective action to end the dangerous, hostile work environment based, in part, on her physical/mental disability;
   c. when the Plaintiff was required to take medical leave because of this work environment, Defendant Employer still failed to take immediate and effective corrective action to allow the Plaintiff to return to work in a safe and discrimination/harassment-free work environment; instead, instructing the Plaintiff to take evasive and covert actions to protect herself from they knowingly dangerous co-worker;
   d. suggested that the Plaintiff conceal herself from this

AMENDED COMPLAINT FOR DAMAGES         4

     co-worker's presence and/or arm herself for protection;
  e. failed to enter into/maintain a good faith interactive process to determine appropriate reasonable accommodation for her mental disability caused by the cats of this co-worker;
  f. failed to reasonably accommodate Plaintiff's disability;
  g. numerous others acts of harassment and discrimination to include, but not be limited to false denigration and/or reporting of Plaintiff's job performance based on her disability;
  j. retaliation when the Plaintiff complained of the discrimination and/or harassment; and,
  k. wrongful termination of the Plaintiff in violation of public policy on/about August 1, 2013 because of her disability and/or acts prohibited by Govt. Code 12940(h).

 11. The Plaintiff filed a Charge of Discrimination on/about October 6, 2012 with the EEOC/DFEH.  Plaintiff's right-to-sue pursuant to Govt. Code section 12965(d)(1) is tolled during the pendency of the EEOC's investigation of the Claim of Discrimination.  The Plaintiff received a right-to-sue authorization from the EEOC/DFEH on/about October 31, 2013.  The Plaintiff has exhausted all her required administrative remedies prior to filing this complaint.

///
///
///

AMENDED COMPLAINT FOR DAMAGES  5

**FIRST CAUSE OF ACTION**
**(AGAINST HECTOR GONZALEZ IN HIS PERSONAL CAPACITY)**
**REQUEST FOR INJUBCTIVE RELIEF FROM DISCRIMINATION/RETALIATION BASED ON PHYSICAL/MENTAL DISABILITY [42 U.S.C. § 12101, 12201 et seq.]**

12. Plaintiff realleges and restates all the paragraphs and causes of action contained herein and incorporates them by reference as though fully set forth at length.

13. DefendantGonzalez, under color of state law, interfered with Plaintiff's ability to have a discrimination and/or retaliation-free work environment.

14. Gonzalez, for his own motivations, to include his own benefit and for illegal purposes did, in fact, do the acts hereinabove-mentioned that deprived the Plaintiff of equal opportunity for assignment, training, promotion, tenure, retention and enjoyment of the benefits of her employment with Defendant Employer by retaliating and/or discriminating against the Plaintiff, at least in part, on the basis of her physical/mental disability. The above-described acts of Gonzalez were discriminatory in nature in violation of 42 U.S.C. § 12101, 12201 et seq.; 42 USC 1983.

15. Plaintiff is informed and believes and thereupon alleges that Gonzalez intentionally deprived the Plaintiff of her rights under the above-described statutes by conducting, participating in, and allowing a discriminatory environment to exist wherein the Plaintiff was discriminated and retaliated against because of her physical/mental disability.

16. As a direct and proximate result of the actions of Defendants, and each of them, the Plaintiff was caused to suffer

and continues to suffer from humiliation, anxiety, severe emotional stress, lost wages and benefits, all to her economic and non-economic (general) damage.

17. The Plaintiff requests this court, after the Plaintiff has been successful on the merits of their claim, there is no available remedy at law, and the balance of equities favors granting such relief, this court grant a permanent injunction against Gonzalez from retaliating and/or discriminating against the Plaintiff if she is successful in regaining her employment with the Defendant Employer.

**SECOND CAUSE OF ACTION
AGAINST MONO COUNTY SUPERIOR COURT
DISCRIMINATION BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12920 et seq.]**

18. Plaintiff realleges and restates all the paragraphs and causes of action contained herein and incorporates them by reference as though fully set forth at length.

19. Defendant Mono County Superior Court for its own motivations, to include its own benefit and for illegal purposes did, in fact, do the acts hereinabove-mentioned that deprived the Plaintiff of equal opportunity for assignment, training, promotion, tenure, retention and enjoyment of the benefits of her employment with Defendant Employer by discriminating against the Plaintiff, at least in part, on the basis of her physical/mental disability. The above-described acts of Defendant Mono County Superior Court were discriminatory in nature in violation of Government Code § 12920, et seq.

20. Plaintiff is informed and believes and thereupon alleges that Defendants  Mono County Superior Court intentionally

**AMENDED COMPLAINT FOR DAMAGES**              7

1 deprived the Plaintiff of her rights under the above-described
2 statutes by conducting, participating in, and allowing a
3 discriminatory environment to exist wherein the Plaintiff was
4 discriminated against, in part, because of her physical/mental
5 disability.

6     21.  As a direct and proximate result of the actions of
7 Defendant Mono County Superior Court, the Plaintiff was caused to
8 suffer and continues to suffer from humiliation, anxiety, severe
9 emotional stress, lost wages and benefits, all to her economic
10 and non-economic (general) damage according to proof at the time
11 of trial.

**THIRD CAUSE OF ACTION**
**AGAINST MONO COUNTY SUPERIOR COURT**
**FAILURE TO REASONABLY ACCOMMODATE BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12940(m) et seq.]**

15     22.  Plaintiff realleges and restates all the paragraphs and
16 causes of action contained herein and incorporate them by
17 reference as though fully set forth at length.

18     23.  Defendant Employer was made aware that the Plaintiff
19 suffered from a serious physical/mental disability.

20     24.  Defendant Employer, for illegal purposes, in doing the
21 acts as mentioned above (administrative, and disciplinary) failed
22 to make reasonable accommodations for the Plaintiff's physical
23 and/r mental disability.  The above-described acts, of omission
24 and commission, of Defendant Employer were in violation of
25 Plaintiff's valuable, fundamental right to receive reasonable
26 accommodation for physical/mental disability as set forth in
27 Govt. Code 12920(m); failure to affect reasonable accommodations.
28 This failure to accommodate was despite the fact that it could be

**AMENDED COMPLAINT FOR DAMAGES**          8

1 accomplished without any significant hardship to the Defendant
2 Employer.
3     25.   Plaintiff is informed and believes and thereupon
4 alleges that the Defendant Employer intentionally and with
5 reckless disregard of the probable consequences of its actions
6 violated Plaintiff's right guaranteed by the above-mentioned
7 Statutes.
8     26.   As a direct and proximate result of the actions of
9 Defendants, and each of them, the Plaintiff was caused to suffer
10 and continues to suffer from humiliation, anxiety, severe
11 emotional stress, lost wages and benefits, all to her economic
12 and non-economic (general) damage according to proof at the time
13 of trial.

**FOURTH CAUSE OF ACTION**
**AGAINST MONO COUNTY SUPERIOR COURT**
**FAILURE TO ENGAGE IN INTERACTIVE PROCESS BASED ON PHYSICAL/MENTAL DISABILITY [CAL. GOVT CODE §12920 et seq.]**

17     27.   Plaintiff realleges and restates all the paragraphs and
18 causes of action contained herein and incorporate them by
19 reference as though fully set forth at length.
20     28.   Defendants employer, for illegal purposes, in doing the
21 acts as mentioned above (administrative, and disciplinary) failed
22 to engage in a timely, good faith, interactive process with the
23 Plaintiff to determine effective reasonable accommodations as
24 stated *supra*.  The above-described acts, of omission and
25 commission, of Defendant Employer were in violation of
26 Plaintiff's valuable, fundamental right to participate in a
27 meaningful interactive process to determine reasonable
28 accommodation for her physical/mental disability as set forth in

**AMENDED COMPLAINT FOR DAMAGES**               9

Govt. Code to fail to make reasonable accommodation § 12940(n).

29. Plaintiff is informed and believes and thereupon alleges that the Defendant Employer intentionally and with reckless disregard of the probable consequences of its actions violated Plaintiff's right guaranteed by the above-mentioned Statute.

30. As a direct and proximate result of the actions of Defendants, and each of them, the Plaintiff was caused to suffer and continues to suffer from humiliation, anxiety, severe emotional stress, lost wages and benefits, all to her economic and non-economic (general) damage according to proof at the time of trial.

**FIFTH CAUSE OF ACTION**
**AGAINST MONO COUNTY SUPERIOR COURT**
**RETALIATION FOR ASSERTING RIGHTS PURSUANT TO FEHA [CAL. GOVT CODE §12940(h) et seq]**

31. Plaintiff realleges and restates all the paragraphs and causes of action contained herein and incorporates them by reference as though fully set forth at length.

32. Defendant Employer has a duty to protect Plaintiff and other employees from retaliation for making complaints of disability discrimination, harassment and/or retaliation pursuant to the California Fair Employment and Housing Act pursuant to Government Code §12940 subdivision (h).

33. Plaintiff complained of discrimination and/or hostile work environment and/or harassment based on physical/mental disability on numerous occasions to Defendant Employer as stated, *supra*.

34. In retaliation for Plaintiff's complaints of disability

AMENDED COMPLAINT FOR DAMAGES     10

discrimination and/or hostile work environment and/or harassment, Defendant Employer, through its supervisory and/or management employees, retaliated against Plaintiff in violation of California Government Code 12940 (h) as stated *supra*.

35. Plaintiff is informed and believes and thereupon alleges that the Defendant Employer intentionally and with reckless disregard of the probable consequences of its actions violated Plaintiff's right guaranteed by the above-mentioned Statute.

36. As a direct and proximate result of the actions of Defendant Employer, the Plaintiff was caused to suffer and continues to suffer from humiliation, anxiety, severe emotional stress, lost wages and benefits, all to her economic and non-economic (general) damage according to proof at the time of trial.

**SIXTH CAUSE OF ACTION**
**AGAINST MONO COUNTY SUPERIOR COURT**
**(FAILURE TO PREVENT DISCRIMINATION/HARASSMENT FROM OCCURRING)**
[Govt. Code § 12940(k), et seq.]

37. Plaintiff realleges and restates all the paragraphs and causes of action contained herein and incorporate them by reference as though fully set forth at length.

38. Defendant Employer, for illegal purposes, did, in fact, fail to protect the Plaintiff from discrimination, harassment and/or retaliation because of her physical/mental disability. The above-described acts of defendants, and each of them, were in violation of Govt. Code § 12940(k).

39. Defendant Employer, intentionally and with reckless disregard of the probable consequences of its actions, violated

AMENDED COMPLAINT FOR DAMAGES          11

1 Plaintiff's right guaranteed by the above-mentioned Statute to be
2 protected from discrimination, harassment and/or retaliation in
3 the workplace because of her physical/mental disability.

4   40.  As a direct and proximate result of the actions of
5 Defendant Employer, Plaintiff has been caused to suffer and
6 continues to suffer from physical injuries, lost wages and other
7 economic damage, humiliation, anxiety, severe emotional distress,
8 and other benefits all to her economic, non-economic and general
9 damage according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
**(AGAINST HECTOR GONZALEZ in His Personal Capacity)**
**DISCRIMINATION/RETALIATION BASED ON VIOLATION OF FIRST AMENDEMENTS RIGHTS [42 USC § 1983, et seq.]**

13  41.  Plaintiff realleges and restates all the paragraphs and
14 causes of action contained herein and incorporates them by
15 reference as though fully set forth at length.

16  42.  Defendant GONZALEZ, under color of state law,
17 interfered with Plaintiff's rights pursuant to the First
18 Amendment of the US Constitution.

19  43.  Defendant GONZALEZ, for his own motivation, to include
20 his own benefit and for illegal purposes did, in fact, do the
21 acts hereinabove-mentioned that deprived the Plaintiff of equal
22 opportunity for assignment, training, promotion, tenure,
23 retention and enjoyment of the benefits of her employment with
24 Defendant Employer by discriminating against the Plaintiff, at
25 least in part, on the basis of her speaking out on matters of
26 public concern.  The above-described acts of Defendant Gonzalez
27 were discriminatory in nature in violation of 42 U.S.C. § 12101,
28 12201 et seq.; 42 USC 1983.

**AMENDED COMPLAINT FOR DAMAGES**          12

44. Plaintiff is informed and believes and thereupon alleges that Defendant Gonzalez intentionally deprived the Plaintiff of her rights under the above-described statutes by conducting, participating in, and allowing a discriminatory environment to exist wherein the Plaintiff was discriminated against because of her physical/mental disability.

45. As a direct and proximate result of the actions of Defendant Gonzalez the Plaintiff was caused to suffer and continues to suffer from humiliation, anxiety, severe emotional stress, lost wages and benefits, all to her economic and non-economic (general) damage according to proof at the time of trial.

46. Defendant Gonzalez did the things hereinabove-alleged, intentionally, oppressively, maliciously, and with an evil motive to vex, injure and/or annoy the Plaintiff in violation of the above-described statutes. As a result, Plaintiff is entitled to punitive or exemplary damages against the individual Defendants, and each of them, if any there are, in an amount to be determined at the time of trial.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against defendants, and each of them;

1. For a money judgment representing economic, compensatory damages including lost wages, commissions, and other employment benefits, and all other sums of money together with interest on said amounts, in an amount to be proven at the time of trial.

2. For a money judgment non-economic damages, mental pain

**AMENDED COMPLAINT FOR DAMAGES**        13

and anguish, emotional distress, physical injury and general damages in an amount to be proven at the time of trial.

   3.   For prejudgment interest, if applicable.

   4.   For punitive damages against the individual defendants, in an amount to be proven at trial, if any there are;

   5.   For costs of suit including attorney's fees as authorized by federal and/or state law, if applicable.

   6.   For such and other further relief as the court may deem just and proper.

**JURY TRIAL**

Plaintiff demands trial by jury as to all matters and issues so triable by law.

DATED: January 28, 2014

/s/ Leo F. Donahue
LEO F. DONAHUE
Attorney for Plaintiff,
ANGELA OLSON

**AMENDED COMPLAINT FOR DAMAGES**          14