1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ANGELA OLSON,                          No.  CIV 13-2445 LKK/CKD

12              Plaintiff,

13        v.

14   MONO COUNTY SUPERIOR COURT, a
     Public Entity; HECTOR
15   GONZALEZ, in his Official and
     Personal Capacities; and DOES
16   1 through 100, inclusive,

17              Defendants.

18

19              **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

20

21        READ  THIS  ORDER  CAREFULLY.   IT  CONTAINS  IMPORTANT  DATES

22   WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL

23   AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF

24   THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

25   SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR

26   AN ORDER OF JUDGMENT.

27        Pursuant  to  court  order,  a  Status  (Pretrial  Scheduling)

28   Conference  was  held  in  chambers  on  February  24,  2014.   Leo  F.

                                    1

Donahue appeared as counsel for plaintiff; Steve Cikes appeared as counsel for defendants.  After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1367, is presently undisputed, and venue is proper.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third-party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARING SCHEDULES**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **October 24, 2015**.  The word "completed" in this context means that all law and motion matters must be **heard** by the above date. Because this date is not necessarily a date previously set aside for law and motion hearings, it is incumbent upon counsel to contact this court's courtroom deputy, Ana Rivas at (916) 930-4133, sufficiently in advance so as to ascertain the dates upon

which law and motion will be heard and to properly notice its motion for hearing before that date.   Counsel are cautioned to refer to Local Rule 230 regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.   **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.   To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.   If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to thirty (30) pages, and reply memoranda are limited to fifteen (15)**

1  **pages.  The parties are also cautioned against filing multiple**
2  **briefs to circumvent this rule.**

3  Where the parties bring motions for summary judgment, the
4  court will deem facts which are apparently undisputed as
5  undisputed under Fed. R. Civ. P. 56(e), unless specifically
6  reserved and that party tenders evidence to support the
7  reservation.

8  <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
9  PRETRIAL MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL
10  ORDINARILY BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.
11  COUNSEL ARE CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE
12  BEEN TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY
13  THE COURT AFTER LAW AND MOTION CUTOFF, FOR INSTANCE WHERE THE
14  ISSUE IS JURISDICTION, SUBSTANTIAL SANCTIONS WILL BE LEVIED
15  AGAINST COUNSEL WHO FAIL TO TIMELY FILE AN APPROPRIATE MOTION.

16  Counsel are further reminded that motions in limine are
17  procedural devices designed to address the admissibility of
18  evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
19  DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF
20  MOTIONS IN LIMINE  AT THE TIME OF TRIAL.

21  **DISCOVERY**

22  No modifications of the discovery requirements found in the
23  Federal Rules is ordered.

24  All discovery is left open, save and except that it shall be
25  so conducted as to be <u>completed</u> by **August 24, 2015**.  The word
26  "completed" means that all discovery shall have been conducted so
27  that all depositions have been taken and any disputes relative to
28  discovery shall have been resolved by appropriate order if

4

1   necessary and, where discovery has been ordered, the order has
2   been complied with.   Motions to compel discovery must be noticed
3   on the magistrate judge's calendar in accordance with the local
4   rules of this court and so that such motions will be heard not
5   later than **July 24, 2015**.   In this regard, all counsel are to
6   designate in writing and file with the court and serve upon all
7   other parties a final list of the names of all experts that they
8   propose to tender at trial not later than **sixty (60)** days before
9   the close of discovery herein established.   All designated
10  experts shall submit written reports which counsel shall exchange
11  at the time of designation.   The contents of the report must
12  comply with Fed. R. Civ. P. 26 (a)(2)(B).   All experts so
13  designated are to be fully prepared to render an informed opinion
14  at the time of designation so that they may fully participate in
15  any deposition taken by the opposing party.   Experts will not be
16  permitted to testify at the trial as to any information gathered
17  or evaluated, or opinion formed, after deposition taken
18  subsequent to designation.

19      An expert witness not appearing on said lists will not be
20  permitted to testify unless the party offering the witness
21  demonstrates:   (a) that the necessity of the witness could not
22  have been reasonably anticipated at the time the lists were
23  exchanged;   (b) the court and opposing counsel were promptly
24  notified upon discovery of the witness;   and (c) that the witness
25  was promptly proffered for deposition.

26      **MID-LITIGATION STATEMENTS**

27      Not later than fourteen (14) days prior to the close of
28  discovery, all parties shall file with the court and serve on all

other parties a brief statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is **SET** for **January 25, 2016, at 1:30 p.m**.  Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

The parties shall file Separate Pretrial Statements, the contents and timing of which are set forth in Local Rule 281, except that the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  See Local Rule 281(b)(3), (4), and (6).  The parties are reminded to include in their joint statement all disputed and

1    undisputed special factual information as required by Local Rule
2    281(b)(6).   Notwithstanding the provisions of Local Rule 281, the
3    Joint Statement of Undisputed Facts and Disputed Factual Issues
4    is to be filed with the court concurrently with the filing of
5    plaintiff's Pretrial Statement.

6         The undisputed facts and disputed factual issues are to be
7    set forth in two separate sections.   In each section, the parties
8    should identify first the general facts relevant to all causes of
9    action.   After identifying the general facts, the parties should
10   then identify those facts which are relevant to each separate
11   cause of action.   In this regard, the parties are to number each
12   individual fact or factual issue.   Where the parties are unable
13   to agree as to what factual issues are properly before the court
14   for trial, they should nevertheless list in the section on
15   "DISPUTED FACTUAL ISSUES" all issues asserted by any of the
16   parties and explain by parenthetical the controversy concerning
17   each issue.   Each individual disputed fact or factual issue shall
18   include the following introductory language:   "Whether or not . .
19   . ."   The parties should keep in mind that, in general, each fact
20   should relate or correspond to an element of the relevant cause
21   of action.   If the case is tried to a jury, the undisputed facts
22   will be read to the jury.

23        Pursuant to Local Rule 281(b)(10) and (11), the parties are
24   required to provide in their Pretrial Statements a list of
25   witnesses and exhibits that they propose to proffer at trial, no
26   matter for what purpose.   These lists shall not be contained in
27   the Pretrial Statement itself, but shall be attached as separate
28   documents to be used as addenda to the Final Pretrial Order.

1  Plaintiff's exhibits shall be listed **numerically**; defendants'
2  exhibits shall be listed **alphabetically**.  In the event that the
3  alphabet is exhausted, defendants' exhibits shall be marked "2A-
4  2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent
5  standard for the proffering of witnesses and exhibits at trial
6  not listed in the Pretrial Order.  Counsel are cautioned that the
7  standard will be strictly applied.  On the other hand, the
8  listing of exhibits or witnesses which counsel do not intend to
9  call or use will be viewed as an abuse of the court's processes.

10  Pursuant to Local Rule 281(b)(12), a party is required to
11  provide a list of all answers to interrogatories and responses to
12  requests for admission that the party expects to offer at trial.
13  This list should include only those documents or portions thereof
14  which the party expects to offer in its case-in-chief.  Unless
15  otherwise barred by a rule of evidence or order of this court,
16  the parties remain free to tender appropriate discovery documents
17  during trial for such purposes as, but not limited to,
18  impeachment or memory refreshment.

19  Pursuant to Local Rule 281(b)(8), the parties' Pretrial
20  Statements shall contain a "statement of legal theory, etc."
21  Each party shall commence this section by specifying as to each
22  claim whether federal or state law governs, and if state law, the
23  state whose law is applicable.

24  Counsel are also reminded that, pursuant to Fed. R. Civ. P.
25  16, it will be their duty at the Pretrial Conference to aid the
26  court in (a) formulation and simplification of issues and the
27  elimination of frivolous claims or defenses; (b) settling of
28  facts which should be properly admitted; and (c) the avoidance of

1  unnecessary proof and cumulative evidence.  Counsel must prepare

2  their Pretrial Statements, and participate in good faith at the

3  Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

4  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

5  monetary sanctions, orders precluding proof, eliminations of

6  claims or defenses, or such other sanctions as the court deems

7  appropriate.

8  **TRIAL SETTING**

9  Trial is **SET** for **April 26, 2016**, at 10:30 a.m.  Trial will

10  be by jury.  The parties represent in good faith that the trial

11  will take approximately seven (7) days.

12  **SETTLEMENT CONFERENCE**

13  A Settlement Conference will be set before a judge other

14  than the trial judge at the time of the Pretrial Conference.

15  Counsel are cautioned to have a principal capable of

16  disposition present at the Settlement Conference or to be fully

17  authorized to settle the matter on any terms and at the

18  Settlement Conference.

19  **MISCELLANEOUS PROVISIONS**

20  The parties are reminded that pursuant to Fed. R. Civ. P.

21  16(b), the Status (pretrial scheduling) Order **shall not be**

22  **modified except by leave of court upon a showing of good cause.**

23  Counsel are cautioned that changes to any of the scheduled dates

24  will necessarily result in changes to all other dates.  Thus,

25  even where good cause has been shown, the court will not grant a

26  request to change the discovery cutoff date without modifying the

27  pretrial and trial dates.

28  **Agreement by the parties pursuant to stipulation does not**

1   **constitute good cause.   Nor does the unavailability of witnesses**

2   **or counsel, except in extraordinary circumstances, constitute**

3   **good cause.**

4        The parties are reminded of their continuing obligation to

5   supplement their statements relative to the identification of

6   parent corporations and any publicly held company that owns 10%

7   or more of the party's stock within a reasonable time of any

8   change in the information.

9        The parties are admonished that they are not to cite or

10  refer to any of the quotations inscribed in the pavers on the

11  front plaza of the United States Courthouse in any written or

12  oral presentation to the court or a jury.

13       There appear to be no other matters presently pending before

14  the court that will aid the just and expeditious disposition of

15  this matter.

16       IT IS SO ORDERED.

17       DATED: February 24, 2014.

18

19

20

21  LAWRENCE K. KARLTON
    SENIOR JUDGE
22  UNITED STATES DISTRICT COURT

23

24

25

26

27

28