1  Leo F. Donahue, Esq. - SB#114484
   LEO F. DONAHUE, INC.
2  11344 Coloma Road, Suite 160
   Gold River, California 95670
3  Tel: (916) 859-5999
   Fax: (916) 859-5984
4  donahue@lfdlaw.net

5  Attorney for Plaintiff,
   ANGELA OLSON

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 ANGELA OLSON,                )  CASE NO. 2:13-CV-02445-LKK-CKD
                                )
12         Plaintiff,           )  **PLAINTIFF'S MEMORANDUM OF**
                                )  **POINTS AND AUTHORITIES IN**
13 v.                           )  **OPPOSITION TO DEFENDANTS'**
                                )  **MOTION TO DISMISS**
14 MONO COUNTY SUPERIOR COURT, a )
   Public Entity; HECTOR        )
15 GONZALEZ, in his Official and )
   Personal Capacities; and DOES )
16 1 through 100, inclusive,    )
                                )
17         Defendants.          )
   _____ )
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

A.   Pertinent Factual Background . . . . . . . . . . . . . . . 1

B.   Legal Argument . . . . . . . . . . . . . . . . . . . . . . 3

    1.   First Cause of Action . . . . . . . . . . . . . . . 3

    2.   Second Cause of Action . . . . . . . . . . . . . . 3

        a.   Pleading Standard . . . . . . . . . . . . . 3

        b.   Factual Pleading of a Disability . . . . . . . 4

        c.   Facts of a Causal Connection Between Olson's
            Disability and the Adverse Action
            . . . . . . . . . . . . . . . . . . 6

    3.   Third Cause of Action . . . . . . . . . . . . . . . 6

        a.   Factual Pleading of a Disability . . . . . . . 6

        b.   Plaintiff, Pursuant to California Law, Does Not
            Need to Request Reasonable Accommodation as Argued
            by Defendant . . . . . . . . . . . . . . . . 7

    4.   Fourth Cause of Action . . . . . . . . . . . . . . 8

        a.   Factual Pleading of a Disability . . . . . . . 9

    5.   Fifth Cause of Action . . . . . . . . . . . . . . . 9

        a.   Factual Pleading of a Disability . . . . . . . 9

    6.   Sixth Cause of Action . . . . . . . . . . . . . . . 9

        a.   Factual Pleading of a Failure to Prevent
            Discrimination Claim . . . . . . . . . . . . 9

    7.   Seventh Cause of Action . . . . . . . . . . . . . . 10

        a.   Plaintiff Has Pled Facts Sufficient for a First
            Amendment Claim . . . . . . . . . . . . . . 10

        b.   Expressed Conduct on a Matter of Public Concern

1          . . . . . . . . . . . . . . . . . . . . .   10

2         c.    Adverse Action . . . . . . . . . . . . . .   12

3         d.    The Expressive Conduct Was a Substantial or

4                 Motivating Factor for the Adverse Action Taken by

5                 the Government Official

6          . . . . . . . . . . . . . . . . . . . .   12

7

8 C.    Retention of State Claims  . . . . . . . . . . . . . .   14

9

10 D.    Conclusion . . . . . . . . . . . . . . . . . . . . .   15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2  **Cases**

3  *Alvarez v. Hill*

4      518 F3d 1152 (9th Cir. 2008) . . . . . . . . . . . . . . 3

5

6  *Ashcroft v. IQBAL*

7      556 US 662 . . . . . . . . . . . . . . . . . . . . 4, 13

8

9  *Bell Atlantic, Corp v. Twombly*

10      550 US 554 (2007) . . . . . . . . . . . . . . . . . . 4

11

12  *Directed Placement Corp. v. Control Data Corp.*

13      908 F2d. 462 (9th Cir. 1990) . . . . . . . . . . . 3, 11

14

15  *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*

16      467 F3d 466 (5th Cir. 2006) . . . . . . . . . . . . . 4

17

18  *Feldman v. Philadelphia Hous. Auth.*

19      43 F.3d 823 (3d Cir. 1994) . . . . . . . . . . . . . 14

20

21  *FSLIC v. Texas Real Estate Counselors, Inc.*

22      955 F2d 261 (5th Cir. 1992) . . . . . . . . . . . . . 3

23

24  *Garcetti v. Ceballos*

25      547 U.S. 410 (2006) . . . . . . . . . . . . . . . . 12

26

27  *Hatmaker v. Memorial Med. Ctr.*

28      619 F3d 741 (7th Cir. 2010) . . . . . . . . . . . . . 3

1

2 *Johnson v. Hondo, Inc.*

3   125 F3d 408 (7th Cir. 1997) . . . . . . . . . . . . . . . 4

4

5 *May v. Enomoto*

6   633 F.2d 164 (9th Cir. 1980) . . . . . . . . . . . . . . 13

7

8 *Neveau v. City of Fresno*

9   392 F. Supp. 2d 1159 . . . . . . . . . . . . . . . . . 10

10

11 *Posey v. Lake Pend Oreille Sch. Dist. No. 84*

12   546 F.3d 1121 (9th Cir. 2008) . . . . . . . . . . . . 12

13

14 *Prilliman v. United Air Lines, Inc.*

15   (1997) 53 Cal.App.4th 935 . . . . . . . . . . . . . . . 7

16

17 *Shirley v. Westgate Fabrics*

18   1997 WL 135605 (N.D. Tex. 1997) . . . . . . . . . . . . 7

19

20 *Soranno's Gasco, Inc. v. Morgan*

21   874 F.2d 1310 (9th Cir. 1989) . . . . . . . . . . . . 14

22

23 *Starr v. Baca*

24   652 F3d 1202 (9th Cir. 2011) . . . . . . . . . . . . . 4

25

26 *Swierkiewicz v. Sorema N.A.*

27   534 US 506 (2002) . . . . . . . . . . . . . . . . . . . 3

28

*Vasconcellos v. Sara Lee Bakery,*

  2013 U.S. Dist. LEXIS 166639 . . . . . . . . . . . . . . . . 6


**Statutes**

28 USC 1367(c)(3) . . . . . . . . . . . . . . . . . . . 14

California Government Code §12926(j)  . . . . . . . . . . 4, 6

California Government Code §12940(h)  . . . . . . . . . . . 2

California Government Code §12940(m)  . . . . . . . . . . . 7

California Government Code §12965(d)(1) . . . . . . . . . . 2

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . 6, 14

**A.    Pertinent Factual Background**

The Plaintiff was hired by the Defendant Employer on/about May 2, 2010, and had been employed continually therefrom as a Deputy Clerk until her wrongful termination on/about August 1, 2013 because of her disability and/or because she disclosed what she reasonably believed were violations of state and/or federal statutes and/or non-compliance with state and/or federal regulations.

The Plaintiff performed her job in an acceptable manner until her termination in violation of public policy.  At all times mentioned herein, the Defendants, and each of them, were acting under color of state law

Beginning in/about early 2012, the Plaintiff was discriminated against, harassed and retaliated against because of her physical/mental disability.  These illegal disparate activities, which were fully known to Defendant Employer and her superiors to include Defendant Gonzalez, consisted of, but not limited to (See operative Complaint, ¶ 10):

a.    knowingly allowing a dangerous, hostile work environment to exist where Plaintiff's physical safety was continuously in jeopardy;

b.    failing to take immediate and effective corrective action to end the dangerous, hostile work environment based, in part, on her physical/mental disability;

c.    when the Plaintiff was required to take medical leave because of this work environment, Defendant Employer still failed to take immediate and effective corrective action to allow the Plaintiff to return to work in a

1  safe and discrimination/harassment-free work
2  environment; instead, instructing the Plaintiff to take
3  evasive and covert actions to protect herself from they
4  knowingly dangerous co-worker;
5  d.  suggested that the Plaintiff conceal herself from this
6  co-worker's presence and/or arm herself for protection;
7  e.  failed to enter into/maintain a good faith interactive
8  process to determine appropriate reasonable
9  accommodation for her mental disability caused by the
10  cats of this co-worker;
11  f.  failed to reasonably accommodate Plaintiff's
12  disability;
13  g.  numerous others acts of harassment and discrimination
14  to include, but not be limited to false denigration
15  and/or reporting of Plaintiff's job performance based
16  on her disability;
17  h.  retaliation when the Plaintiff complained of the
18  discrimination and/or harassment; and,
19  i.  wrongful termination of the Plaintiff in violation of
20  public policy on/about August 1, 2013 because of her
21  disability and/or acts prohibited by Govt. Code
22  12940(h).
23  The Plaintiff filed a Charge of Discrimination on/about
24  October 6, 2012 with the EEOC/DFEH.  Plaintiff's right-to-sue
25  pursuant to Govt. Code section 12965(d)(1) is tolled during the
26  pendency of the EEOC's investigation of the Claim of
27  Discrimination.  The Plaintiff received a right-to-sue
28  authorization from the EEOC/DFEH on/about October 31, 2013.  The

1  Plaintiff exhausted all her required administrative remedies

2  prior to filing her complaint.

3      **B.   Legal Argument**

4      Throughout the motion, the moving party appears to opine

5  that the Plaintiff is required to allege evidentiary facts.

6  Plaintiff is only required to set forth claims for relief, not

7  causes of action, statutes or legal theories.  As long as the

8  facts alleged provide "fair notice" of the claim, a "...complaint

9  need not identify the statutory or constitutional source of the

10 claim raised in order to survive a motion to dismiss." *Alvarez*

11 *v. Hill* 518 F3d 1152, 1157 (9th Cir. 2008); *Hatmaker v. Memorial*

12 *Med. Ctr.* 619 F3d 741-743 (7th Cir. 2010).  Here the Plaintiff

13 has alleged sufficient facts that establish the elements of the

14 claims pled.

15     It is not necessary for a plaintiff to plead a prima facie

16 case. See *Swierkiewicz v. Sorema N.A.* 534 US 506, 510 (2002).

17     The claims may be implied from the facts alleged, as long as

18 the alleged facts put the defendant on notice thereof. See

19 *Directed Placement Corp. v. Control Data Corp.* 908 F2d. 462, 466

20 (9th Cir. 1990)

21     **1.   First Cause of Action**

22     Plaintiff submits a non-opposition to Defendants' Motion

23 concerning this cause of action.

24     **2.   Second Cause of Action**

25     **a.   Pleading Standard**

26     The Federal Rules of Civil Procedure govern the sufficiency

27 of a pleading in federal actions. *FSLIC v. Texas Real Estate*

28 *Counselors, Inc.* 955 F2d 261, 269-70 (5th Cir. 1992).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**           3            **2:13-CV-02445-LKK-CKD**

1    In federal court actions, based on state law claims
2   (supplemental jurisdiction), state law determines whether the
3   claims exist and what defenses are recognized.  But the *manner* in
4   which such claims are raised is governed by federal law. *(Johnson*
5   *v. Hondo, Inc.* 125 F3d 408, 417 (7th Cir. 1997); *EPCO Carbon*
6   *Dioxide Products, Inc. v. JP Morgan Chase Bank, NA* 467 F3d 466,
7   470, fn 2 (5th Cir. 2006))

8    FRE 8(e) expresses a policy of great liberality in pleadings
9   The federal rules are designed to minimize disputes over pleading
10  technicalities (*Ashcroft v. IQBAL* 556 US 662, 678, "Rule 8 marks
11  a notable and generous departure from the hyper-technical, code
12  pleading (e.g., California) regime of a prior era."

13   A complaint is sufficient if it gives the defendant "fair
14  notice of what the...claim is and the grounds upon which it
15  rests." (*Bell Atlantic, Corp v. Twombly* 550 US 554, 555 (2007);
16  *Starr v. Baca* 652 F3d 1202, 1212 (9th Cir. 2011).

17   **b.   Factual Pleading of a Disability**

18   Paragraph 10 of the operative Complaint alleges facts
19  sufficient for the defendant to conclude that they will be
20  defending a claim for mental disability discrimination.

21   Cal. Govt. Code section 12926(j) defines mental disability
22  as:

23      (j)  "Mental disability" includes, but is not limited
        to, all of the following:
24      (1)  Having any mental or psychological disorder or
        condition, such as intellectual disability, organic
25      brain syndrome, emotional or mental illness, or
        specific learning disabilities, that limits a major
26      life activity.

27   The same section at subsection (j)(1)(c)defines "major life
28  activity" as:  "Major life activities" shall be broadly construed

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**                 4            **2:13-CV-02445-LKK-CKD**

1  and shall include physical, mental, and social activities and

2  working.

3      In paragraph 10 of the operative complaint Plaintiff alleges

4  that the Defendants "... knowingly allow[ed] a dangerous, hostile

5  work environment to exist where Plaintiff's physical safety was

6  continuously in jeopardy..." and that by...failing to take

7  immediate and effective corrective action to end the dangerous,

8  hostile work environment, the Plaintiff was "... required to take

9  medical leave because of this work environment, Defendant

10 Employer still failed to take immediate and effective corrective

11 action to allow the Plaintiff to return to work in a safe and

12 discrimination/harassment-free work environment; instead,

13 instructing the Plaintiff to take evasive and covert actions to

14 protect herself from they knowingly dangerous co-worker,"

15 "...suggested that the Plaintiff conceal herself from this co-

16 worker's presence and/or arm herself for protection." then the

17 Defendant "...failed to enter into/maintain a good faith

18 interactive process to determine appropriate reasonable

19 accommodation for her mental disability caused by the acts of

20 this co-worker."

21     In short, the Plaintiff has claimed a physically dangerous

22 situation at work because of the acts of a co-worker, fully

23 disclosed to management, caused her to basically have a nervous

24 breakdown that precluded her from working (a major life activity)

25 because the Defendant Employer did nothing to correct this

26 physically dangerous work environment except "...to take evasive

27 and covert actions to protect herself from they knowingly

28 dangerous co-worker" and/or "...conceal herself from this co-

1   worker's presence and/or arm herself for protection."

2      Defendant's cite to *Vasconcellos v. Sara Lee Bakery*, 2013

3   U.S. Dist. LEXIS 166639, is inutile because the case is easily

4   distinguishable. *Vasconcellos* failed to allege that his injury or

5   physical condition made it difficult to perform a "...major life

6   activity." Here, as set forth, *supra*, Olson pled she was unable

7   to work, which, pursuant to Cal. Govt. Code section

8   12926(i)(1)(c), is a major life activity.

9      **c.   Facts of a Causal Connection Between Olson's Disability
             and the Adverse Action**

10

11     Paragraph 10 of the operative Complaint clearly states:

12         Beginning in/about early 2012, the Plaintiff was
           ***discriminated against***, harassed and retaliated against
13         ***because of her physical/mental disability***.  This
           illegal disparate activities, which was fully known to
14         Defendant Employer and her superiors to include
           Defendant Gonzalez, ***consisted of***, but not limited
15         to...***wrongful termination*** of the Plaintiff in violation
           of public policy on/about August 1, 2013 ***because of her***
16         ***disability*** and/or acts prohibited by Govt. Code
           12940(h) (Emphasis added.)

17

18     The allegations of the operative Complaint set *forth, supra*,

19   in sub-section 1.B (Factual Pleading of a Disability) adequately

20   pled the requisite facts of causation.  Under the "notice"

21   pleadings standard of the federal courts, these allegations are

22   sufficient to withstand an FRCP 12(b)(6) motion.

23     **3.   Third Cause of Action**

24     **a.   Factual Pleading of a Disability**

25     This issues has been sufficiently addressed, supra, in the

26   sub-section 1.B. Factual Pleading of a Disability and will not be

27   re-presented.

28     **b.   Plaintiff, Pursuant to California Law, Does Not Need to**

**Request Reasonable Accommodation as Argued by Defendant**

On its face, the FEHA's reasonable accommodation section (Cal. Govt. Code section 12940(m)[1] does not require that the employee ask for an accommodation.  It requires that the employer have "knowledge" of the disability (either from the employee providing it or the employer learning on its own) and then shifts the burden to the employer to propose reasonable accommodation suggestions.

The leading case on this is *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935.  In *Prilliman*, the court specifically rejected the trial court's finding that the employee's failure to ask for an accommodation permitted summary judgment on the claim. *Id*. at 950-51:

> [we] conclude that an employer who knows of the disability of an employee has an affirmative duty to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for, those positions, if the employer can do so without undue hardship or if the employer offers similar assistance or benefit to other disabled or nondisabled employees or has a policy of offering such assistance or benefit to any other employees.

The court also held:

> We also find without merit respondents' suggestion that the disabled employee must first come forward and request a specific accommodation before the employer has a duty to investigate such accommodation. *Id*. a 954.

See also, *Shirley v. Westgate Fabrics* 1997 WL 135605 (N.D.

---

[1]     Cal. Govt. Code section 12940(m) states: "For an employer or other entity covered by this part to fail to make reasonable accommodation ***for the known physical or mental disability*** of an applicant or employee." (Emphasis added)

1  Tex. 1997) at 5 (employer knowledge of doctor visits and need for

2  periodic breaks triggered accommodation duty) Here, Olson was

3  medically excused from work.  See paragraph 10.c of the operative

4  Complaint:

5      "...when the Plaintiff was required to take medical
       leave because of this work environment, Defendant
6      Employer still failed to take immediate and effective
       corrective action to allow the Plaintiff to return to
7      work in a safe and discrimination/harassment-free work
       environment."

8

9      Defendant's argument in their moving papers at 11:28-12:4 is

10 misplaced.  There is no need (see *supra*) for Olson to have pled

11 *evidentiary* facts such as if she requested accommodation, to whom

12 did she direct the request or what was the nature of the request.

13     Plaintiff's pleadings are more that adequate, even meeting

14 the requirements of the California Civil Jury Instructions, CACI

15 2541 for reasonable accommodation which requires only:

16       1. That Olson was an employee of Defendant
       (Complaint, 3:25-28);
17       2. That Olson had a mental (stress) condition that
       prevented her from working (Complaint, 4:10-5:17);
18       3. That Defendant knew of said mental condition that
       limited her ability to work (Complaint, 4:10-5:13);
19       4. That Defendant failed to provide reasonable
       accommodation for Olson's mental condition (Complaint,
20     4:10-5:13);
         5. That Olson was harmed (Complaint, 4:10-5:17; and,
21       6. That Defendant's failure to provide reasonable
       accommodation was a substantial factor in causing
22     Olson's harm (Complaint, 4:10-5:17).

23     As set forth several times, *supra*, these basic allegations

24 are present in this case.  In this notice pleading system no more

25 is required.

26 ///

27 ///

28     **4.    Fourth Cause of Action**

1        **a.    Factual Pleading of a Disability**

2        Because these are the exact same arguments raised by the

3   Defendant in his motion concerning the Third Cause of Action and

4   the Plaintiff has adequately responded to theses specious

5   arguments in Sub Section 3.B., the Plaintiff incorporates said

6   response as if fully set forth herein.

7        **5.    Fifth Cause of Action**

8        **a.    Factual Pleading of a Disability**

9        Because these are the exact same arguments raised by the

10  Defendant in his motion concerning the Third Cause of Action and

11  the Plaintiff has adequately respond to these specious arguments

12  in Sub Section 3.B., the Plaintiff incorporates said response as

13  if fully set forth herein.

14       **6.    Sixth Cause of Action**

15       **a.    Factual Pleading of a Failure to Prevent Discrimination
                  Claim**

16

17       The California Civil Jury Instructions, CACI 2527 for

18  failure to prevent discrimination is basically identical to CACI

19  2541 for reasonable accommodation and requires only:

20  1.   That Olson was an employee of Defendant Employer;

21  2.   That Olson was subjected to harassment and/or discrimination

22       and/or retaliation in the course of employment;

23  3.   That Defendant Employer failed to take all reasonable steps

24       to prevent the harassment and/or discrimination and/or

25       retaliation;

26  4.   That Olson was harmed; and,

27  5.   That Defendant Employer's failure to take reasonable steps

28       to prevent the harassment and/or discrimination and/or

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**          9          **2:13-CV-02445-LKK-CKD**

1    retaliation was a substantial factor in causing Olson's

2    harm.

3        As set forth in 3.B., supra, Olson has clearly alleged under

4    the notice pleading standards in this judicial forum.

5        **7.    Seventh Cause of Action**

6        **a.    Plaintiff Has Pled Facts Sufficient for a First
              Amendment Claim**

7

8        The Ninth Circuit, in *Neveau v. City of Fresno*, 392 F. Supp.

9    2d 1159, 1176, instructs us that:

10       To state a claim for retaliation based on exercise of
         First Amendment rights, a plaintiff must allege the
11       following elements: (1) the plaintiff engaged in
         expressive conduct that addressed a matter of public
12       concern; (2) the government official took an adverse
         action against the plaintiff; and (3) the expressive
13       conduct was a substantial or motivating factor for the
         adverse action taken by the government official. *Alpha
14       Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th
         Cir. 2004).
15

16       **b.    Expressed Conduct on a Matter of Public Concern**

17       Here, Olson has pled she "...engaged in expressive conduct

18   that addressed a matter of public concern."  She alleged that

19   "...she disclosed what she reasonably believed were violations of

20   state and/or federal statutes and/or non-compliance with state

21   and/or regulations." (Complaint, 3:28-4:3)

22       The Complaint alleges at 4:20-5:1 that:

23       "...when the Plaintiff was required to take medical
         leave because of this work environment, Defendant
24       Employer still failed to take immediate and effective
         corrective action to allow the Plaintiff to return to
25       work in a safe and discrimination/harassment-free work
         environment; instead, instructing the Plaintiff to take
26       evasive and covert actions to protect herself from they
         knowingly dangerous co-worker; suggested that the
27       Plaintiff conceal herself from this co-worker's
         presence and/or arm herself for protection..."
28

1    We know from *Directed Placement Corp. v. Control Data Corp.*
2  908 F2d. 462, 466 (9th Cir. 1990), that the court may imply the
3  claims from the facts alleged, as long as the alleged facts put
4  the defendant on notice thereof.

5    Here, it is fairly obvious that, by the Complaint, the
6  Defendant knew that Olson spoke out about a physically dangerous
7  work environment because the Defendant Employer told Olson to
8  "...take evasive and covert actions to protect herself from they
9  knowingly dangerous co-worker [and] suggested that the Plaintiff
10 conceal herself from this co-worker's presence and/or **arm herself**
11 **for protection...**" (Emphasis added.)

12   There really cannot be any dispute that a physically
13 dangerous public entity work place is not a matter of public
14 concern.

15   The Ninth Circuit has:

16   "...defined  [710]  the "scope of the public concern
     element . . . broadly," Ulrich v. City & County of
17   S.F., 308 F.3d 968, 978 (9th Cir. 2002), and adopted a
     "liberal construction of what an issue 'of public
18   concern' is under the First Amendment," *Roe v. City &*
     *County of S.F.*, 109 F.3d 578, 586 (9th Cir. 1997)"
19   *Desrochers v. City of San Bernardino*, 572 F.3d 703,
     709, 710 (9th Cir. 2009)
20
21   "To address a matter of public concern, the
     content of the sergeants' speech must involve "issues
22   about which information is needed or appropriate to
     enable the members of society to make informed
     decisions about the operation of their government."
23   *McKinley v. City of Eloy*, 705 F.2d, 1110, 1114 (9Th
     Cir. 1983)
24

25   Here, when a court officer advises subordinates to "arm
26 themselves" to protect them from a dangerous coworker, this is of
27 the ilk to which *McKinley* speaks.  Advising subordinates to solve
28 the problem of a physically dangerous coworker by creating a

1 potential for disaster by advising court subordinates to meet

2 violence with violence is certainly something that society might

3 want to weigh in on.

4     Plaintiff will not address any *Garcetti v. Ceballos*, 547

5 U.S. 410, 424 (2006) as it was not argued.  However, that is a

6 mixed question of law and fact in this Circuit.  No where in

7 Plaintiff's duties was she required to report a dangerous co-

8 worker and/or fear for her and her associates' physical safety.

9     In *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d

10 1121, 1129 (9th Cir. 2008), the Ninth Circuit instructed us:

11     Upon consideration, we agree with the Third, Seventh,
    and Eighth Circuits and hold that the determination

12     whether the speech in question was spoken as a public
    employee or a private citizen presents a mixed question

13     of fact and law.

14     **c.   Adverse Action**

15     Rather than fire the dangerous co-employee, Olson alleged

16 she was precluded from returning to work ***and was herself***

17 ***eventually terminated.***

18     **d.   The Expressive Conduct Was a Substantial or Motivating
      Factor for the Adverse Action Taken by the Government**

19       **Official**

20     Defendant claims that the Complaint does not "tie" Gonzalez

21 to the First Amendment allegation are not viable. In the

22 Complaint, at 4:10-13, Olson alleged:

23     This illegal disparate activities, which was fully
    known to Defendant Employer and her superiors to

24     ***include Defendant Gonzalez***, consisted of, but not
    limited to (Complaint, 4:10-13) (Emphasis added)

25

26     The Complaint then alleges those acts (to include

27 termination) accomplished by the Defendant Employer and Gonzalez.

28 The moving party seems to want to require the evidentiary

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS                12              2:13-CV-02445-LKK-CKD

1  allegations that it was Gonzales who wrote Olson's termination

2  letter.  Such detail is not required but could be supplied.

3       Paragraph 10 of the operative Complaint attributes to both

4  the Defendant Employer, **and Gonzalez as well**, the following

5  actions:

6         **Beginning in/about early 2012, the Plaintiff was**
          *discriminated against*, harassed and retaliated against

7         *because of her physical/mental disability*.  This
          illegal disparate activities, which was fully known to

8         Defendant Employer and her superiors to include
          Defendant Gonzalez, *consisted of*, but not limited

9         to...*wrongful termination* of the Plaintiff in violation
          of public policy on/about August 1, 2013 *because of her*

10        *disability* and/or acts prohibited by Govt. Code
          12940(h) (Emphasis added.)

11

12       The law is straight forward. "Liability under §1983 must be

13  based on the personal involvement of the defendant." *May v.*

14  *Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

15       Here, that is what the Complaint alleges sufficiently to put

16  the Defendant Gonzalez on "notice" that Gonzales was personally

17  involved.  Olson could amend the complaint to allege the

18  evidentiary facts that it was Gonzales who told her to "arm"

19  herself; who refused to take action to protect her; and, who

20  personally fired her.  However, the federal system does not

21  require such evidentiary detail at this state in the lawsuit.

22       As to the argument that *Ashcroft v. Iqbal*, 556 U.S. 662,

23  requires specific pleading re purpose, the case in inapposite.

24  Ashcroft was a Bivins case which *implied that* a cause of action

25  existed for an individual whose Fourth Amendment freedom from

26  unreasonable search and seizures had been violated by federal

27  agents.

28       The Plaintiff must set forth two elements for a First

1  Amendment claim: (1) that the speech constituted protected

2  activity; and (2) that the protected speech was a substantial or

3  motivating factor for the retaliation. *Feldman v. Philadelphia*

4  *Hous. Auth.* 43 F.3d 823, 829 (3d Cir. 1994).

5      A plaintiff must plead facts which suggest that retaliation

6  for the exercise of protected conduct was the "substantial" or

7  "motivating" factor behind the defendant's conduct. *Soranno's*

8  *Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)

9      After alleging in the Complaint, at 4:10-13, that:

10      This illegal disparate activities, which was fully
   known to Defendant Employer and her superiors to
11  **include Defendant Gonzalez**, consisted of, but not
   limited to (Complaint, 4:10-13) (Emphasis added)
12

13      The Complaint then alleges: at 4:20-5:1 that:

14      "...when the Plaintiff was required to take medical
   leave because of this work environment, Defendant
15  Employer still failed to take immediate and effective
   corrective action to allow the Plaintiff to return to
16  work in a safe and discrimination/harassment-free work
   environment; instead, instructing the Plaintiff to take
17  evasive and covert actions to protect herself from they
   knowingly dangerous co-worker; suggested that the
18  Plaintiff conceal herself from this co-worker's
   presence and/or arm herself for protection..."
19

20      **C.   Retention of State Claims**

21      Additionally, because of the peculiar relationship forged by

22  this complaint (the court being sued will be the trial court),

23  the Plaintiff requests that this court retain jurisdiction of the

24  state law claims if they only survive this motion.

25      This is not a motion to dismiss based on jurisdiction (FRCP,

26  Rule 12(b)(1), thus this court has discretion to retain

27  jurisdiction over the supplemental claims.  28 USC 1367(c)(3).

28      The ultimate lack of merit of the federal claim does

1    not mean that pendent jurisdiction cannot attach; the
     federal claim must be "absolutely devoid of merit or
2    obviously frivolous" to divest the court of pendent
     jurisdiction. Id. The court may retain jurisdiction
3    even if the federal claims over which it had original
     jurisdiction are dismissed. *Brady v. Brown*, 51 F.3d
4    810, 816 (9th Cir. Cal. 1995)

5    **D.   Conclusion**

6        While the Plaintiff asserts that the Second through Seventh

7    Causes of Action meet muster concerning the motion as argued, the

8    Plaintiff can amend the Complaint to include the evidentiary

9    facts that clearly implicate Gonzalez as the prime actor in all

10   of the Causes of Action.  If, necessary, the Plaintiff asks the

11   court for a right to amend the pleadings for any deficiencies.

12   DATED: March 24, 2014

13

14                              /s/ Leo F. Donahue
                                LEO F. DONAHUE
15                              Attorney for Plaintiff,
                                ANGELA OLSON
16

17

18

19

20

21

22

23

24

25

26

27

28