1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ANGELA OLSON,                          No.  CIV 13-2445 LKK/CKD

12              Plaintiff,

13        v.                                **ORDER**

14   MONO COUNTY SUPERIOR COURT, a
     Public Entity; HECTOR
15   GONZALEZ, in his Official and
     Personal Capacities; and DOES
16   1 through 100, inclusive,

17              Defendants.

18

19        Plaintiff Angela Olson sues defendants Mono County Superior

20   Court ("Superior Court") and Hector Gonzalez, alleging wrongful

21   termination on the basis of disability, and related claims.

22        Defendants move to dismiss the entirety of plaintiff's First

23   Amended Complaint ("FAC," ECF No. 7) under Federal Rule of Civil

24   Procedure 12(b)(6).

25        At the outset, the court notes that the FAC is so sparsely-

26   pled that it arguably fails to satisfy federal pleading standards

27   even as they existed before Bell Atlantic v. Twombly, 550 U.S.

28   544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). To take

                                    1

1    only the most obvious example, plaintiff fails to anywhere

2    identify *what* her "physical/mental disability" is.[1] However,

3    rather than summarily dismiss the FAC, the court will address the

4    substance of defendant's motion on the chance that plaintiff may

5    subsequently present an adequately-pled complaint.

6    **I.   BACKGROUND**

7         The following allegations are taken from the FAC.

8         Plaintiff was employed as a Deputy Clerk by defendant

9    Superior Court between May 2, 2010 and August 1, 2013. (FAC ¶ 8.)

10   Defendant Gonzalez was one of her "superiors." (Id. ¶ 10.)

11        Plaintiff has an unspecified "physical/mental disability."

12   (Id. ¶ 10.) According to plaintiff, she was wrongfully terminated

13   due to her disability and/or "because she disclosed what she

14   reasonably believes were violations of state and/or federal

15   statutes and/or non-compliance with state and/or [*sic*]

16   regulations." (Id. ¶ 8.)

17        Beginning in early 2012, plaintiff was "discriminated

18   against, harassed and retaliated against" by defendants due to

19   her disability. (Id. ¶ 10.) The relevant actions include:

20              a.  knowingly  allowing  a  dangerous,  hostile
21              work  environment  to  exist  where  Plaintiff's
                physical  safety  was  continuously  in  jeopardy;
22

23   ─────────────────────

24   [1] In her Opposition, plaintiff asserts that she suffered a nervous
     breakdown, and implies that this was her disability. As no such
25   facts are pled in the operative complaint, the court must
     disregard such contentions in deciding this motion. "In
26   determining the propriety of a Rule 12(b)(6) dismissal, a court
     may not look beyond the complaint to a plaintiff's moving papers,
27   such as a memorandum in opposition to a defendant's motion to
     dismiss." Schneider v. Calif. Dep't of Corrs., 151 F.3d 1194,
28   1197 n.1 (9th Cir. 1998).

b. failing to take immediate and effective corrective action to end the dangerous, hostile work environment based, in part, on her physical/mental disability;

c. when the Plaintiff was required to take medical leave because of this work environment, Defendant [Superior Court] still failed to take immediate and effective corrective action to allow the Plaintiff to return to work in a safe and discrimination/harassment-free work environment; instead, instructing the Plaintiff to take evasive and covert actions to protect herself from they [*sic*] knowingly dangerous co-worker;

d. suggested that the Plaintiff conceal herself from this co-worker's presence and/or arm herself for protection;

e. failed to enter into/maintain a good faith interactive process to determine appropriate reasonable accommodation for her mental disability caused by the cats[2] [*sic*] of this co-worker;

f. failed to reasonably accommodate Plaintiff's disability;

g. numerous others acts of harassment and discrimination to include, but not be [*sic*] limited to false denigration and/or reporting of Plaintiff's job performance based on her disability;

j.[3] retaliation when the Plaintiff complained of the discrimination and/or harassment; and,

k. wrongful termination of the Plaintiff in violation of public policy on/about August 1, 2013 because of her disability and/or acts

---

[2] The court is left to speculate as to whether plaintiff's disability is due to a feline allergy, or if she instead meant to write "acts."

[3] *Plaintiff omitted entries "h" and "i" in the FAC.*

3

1   prohibited by Govt. Code 12940(h). (Id.
2   ¶ 10.)

3   Plaintiff alleges that she has exhausted all administrative
4   remedies necessary for filing the instant case. (Id. ¶ 11.)

5   **II.  STANDARD**

6       A dismissal motion under Rule 12(b)(6) challenges a
7   complaint's compliance with the federal pleading requirements.
8   Under Rule 8(a)(2), a pleading must contain a "short and plain
9   statement of the claim showing that the pleader is entitled to
10  relief." The complaint must give the defendant "'fair notice of
11  what the . . . claim is and the grounds upon which it rests.'"
12  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41,
13  47 (1957)).

14      To meet this requirement, the complaint must be supported by
15  factual allegations. Iqbal, 556 U.S. at 678. Moreover, this court
16  "must accept as true all of the factual allegations contained in
17  the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[4]

18      "While legal conclusions can provide the framework of a
19  complaint," neither legal conclusions nor conclusory statements
20  are themselves sufficient, and such statements are not entitled
21  to a presumption of truth. Iqbal, 556 U.S. at 679. Iqbal and
22  Twombly therefore prescribe a two-step process for evaluation of
23  motions to dismiss. The court first identifies the non-conclusory

24  _____

25      [4] Citing Twombly, 550 U.S. at 555-56, Neitzke v. Williams,
26  490 U.S. 319, 327 (1989) ("What Rule 12(b)(6) does not
    countenance are dismissals based on a judge's disbelief of a
    complaint's factual allegations"), and Scheuer v. Rhodes, 416
27  U.S. 232, 236 (1974) ("[I]t may appear on the face of the
    pleadings that a recovery is very remote and unlikely but that is
28  not the test" under Rule 12(b)(6)).

4

1  factual allegations, and then determines whether these

2  allegations, taken as true and construed in the light most

3  favorable to the plaintiff, "plausibly give rise to an

4  entitlement to relief." Iqbal, 556 U.S. at 679.

5      "Plausibility," as it is used in Twombly and Iqbal, does not

6  refer to the likelihood that a pleader will succeed in proving

7  the allegations. Instead, it refers to whether the non-conclusory

8  factual allegations, when assumed to be true, "allow[] the court

9  to draw the reasonable inference that the defendant is liable for

10  the misconduct alleged." Iqbal, 556 U.S. at 678. "The

11  plausibility standard is not akin to a 'probability requirement,'

12  but it asks for more than a sheer possibility that a defendant

13  has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).[5] A

14  complaint may fail to show a right to relief either by lacking a

15  cognizable legal theory or by lacking sufficient facts alleged

16

17

18      [5] Twombly imposed an apparently new "plausibility" gloss on
    the previously well-known Rule 8(a) standard, and retired the
19  long-established "no set of facts" standard of Conley v. Gibson,
    355 U.S. 41 (1957), although it did not overrule that case
20  outright. See Moss v. U.S. Secret Service, 572 F.3d 962, 968 (9th
    Cir. 2009) (the Twombly Court "cautioned that it was not outright
21  overruling Conley[,]" although it was retiring the "no set of
    facts" language from Conley). The Ninth Circuit has acknowledged
22  the difficulty of applying the resulting standard, given the
    "perplexing" mix of standards the Supreme Court has applied in
23  recent cases. See Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir.
    2011) (comparing the Court's application of the "original, more
24  lenient version of Rule 8(a)" in Swierkiewicz v. Sorema N.A., 534
    U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89 (2007) (per
25  curiam), with the seemingly "higher pleading standard" in Dura
    Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), Twombly and
26  Iqbal), cert. denied, 132 S. Ct. 2101 (2012). See also Cook v.
    Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set
27  of facts" standard to a Section 1983 case).

28

under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

**III.  ANALYSIS**

**A. Defendants' Request for Judicial Notice**

Defendants request that the court take judicial notice of three administrative complaints that plaintiff allegedly filed with the U.S. Equal Employment Opportunity Commission and the California Department of Fair Employment & Housing. (ECF No. 11.) The court declines to do so, as taking judicial notice of documents wholesale may lead to unforeseen consequences. Per Wright & Miller:

> Courts could save themselves much grief and embarrassment by insisting that lawyers specify precisely the fact to be noticed. Similarly, lawyers should treat precedents with suspicion when the fact noticed seems loosely stated. For example, courts that do not specify the "fact" being noticed when they take notice of "court records" can end up turning a hearsay statement into "truth" by the alchemy of judicial notice. Astute courts reiterate that while court records may be sources of reasonably indisputable accuracy when they memorialize some judicial action, this does not mean that courts can notice the truth of every hearsay statement filed with the clerk. To do so would make judicial notice a kind of bastard res judicata in which parties end up being bound by facts they never had any opportunity to contest. Courts can avoid this by carefully specifying just what is being noticed; *e.g.*, that the court merely notices that something was said at a hearing for the purpose of inferring its affect [*sic*] on the persons who heard it, not for its truth.

6

21B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and</u>
<u>Procedure</u> § 5104 (2d. ed. 2013) ("Facts Judicially Noticeable;
Indisputability").

Nevertheless, the court's refusal to take judicial notice of
these documents does not affect the remainder of its order.

**B. First claim: Injunctive relief (ADA)**

Plaintiff, in her first claim, seeks to enjoin defendant
Gonzalez "from retaliating and/or discriminating against the
Plaintiff if she is successful in regaining her employment with
the Defendant Employer." (FAC ¶ 17.) This claim is brought under
the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*
("ADA").

Defendants contend, correctly, that the ADA does not provide
for individual liability. (Motion 6, ECF No. 10-1.) "Title I of
the ADA enables individuals who have suffered employment
discrimination because of their disabilities to sue employers for
damages and injunctive relief in federal court." <u>Walsh v. Nevada</u>
<u>Dept. of Human Res.</u>, 471 F.3d 1033, 1036 (9th Cir. 2006).
"[I]ndividual defendants cannot be held personally liable for
violations of the ADA." <u>Id.</u> at 1038. Plaintiff does not dispute
this point. (Opposition 3, ECF No. 15.)

Accordingly, plaintiff's first claim will be dismissed with
prejudice.

**C. Second claim: Disability discrimination (FEHA)**

Plaintiff's second claim, which alleges disability
discrimination by defendant Superior Court, is brought under the
California Fair Employment and Housing Act, Cal. Gov't Code
§ 12900 *et seq.* ("FEHA").

1    Under FEHA, it is "an unlawful employment practice . . .

2    [f]or an employer, because of the . . . physical disability [or]

3    mental disability . . . of any person . . . to discriminate

4    against the person in compensation or in terms, conditions, or

5    privileges of employment." Cal. Gov't Code § 12940(a).

6    Defendants correctly maintain that the second claim is

7    inadequately-pled. Nevertheless, defendants are somewhat

8    inaccurate in describing the requirements for pleading a FEHA

9    discrimination claim. The case which they cite, Faust v. Cal.

10   Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007), addresses

11   the initial showing that a plaintiff who lacks direct evidence of

12   employment discrimination must make to defeat a summary judgment

13   motion.[6] In such cases, California courts utilize the burden-

14   shifting framework established by the U.S. Supreme Court in

15   McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See

16   Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000)

17   (elucidating proper application of McDonnell Douglas framework in

18   the context of state law employment discrimination claims). The

19   U.S. Supreme Court has made clear that "[t]he prima facie case

20   under McDonnell Douglas . . . is an evidentiary standard, not a

21   pleading requirement," and hence, that "the requirements for

22   establishing a prima facie case under McDonnell Douglas [do not]

23   also apply to the pleading standard that plaintiffs must satisfy

24   in order to survive a motion to dismiss." Swierkiewicz v. Sorema

25

26   [6] The specific test that defendants cite would require plaintiff
     to allege that (1) she suffers from a disability, (2) she was
27   otherwise qualified to do her job, (3) she was subjected to an
     adverse employment action, and (4) the adverse employment action
28   was due to her disability.

8

1   N.A., 534 U.S. 506, 510 (2002). "Consequently, the ordinary rules
2   for assessing the sufficiency of a complaint apply." Id. Under
3   those "ordinary rules," plaintiff must properly allege factual
4   allegations which "allow[] the court to draw the reasonable
5   inference that the defendant is liable for the misconduct
6   alleged." Iqbal, 556 U.S. at 678.

7       Plaintiff instead only sets forth the "elements of []
8   cause[s] of action" and "mere conclusory statements," id., which
9   are insufficient to pass muster under Rule 8. Ultimately, the FAC
10  fails to give defendants "'fair notice of what the . . . claim is
11  and the grounds upon which it rests.'" Twombly, 550 U.S. at 555
12  (quoting Conley, 355 U.S. at 47).

13      At the very least, plaintiff should plead facts describing
14  the nature of her disability and the adverse actions that she
15  alleges she was subjected to by defendant Superior Court as a
16  result of that disability. If these facts support a claim for
17  direct disability discrimination under FEHA, plaintiff need not
18  take the additional step of pleading the elements of a *prima*
19  *facie* case under the McDonnell Douglas framework. See
20  Swierkiewicz, 534 U.S. at 511 ("[I]f a plaintiff is able to
21  produce *direct* evidence of discrimination, he may prevail without
22  proving all the elements of a prima facie case.")

23      Plaintiff's second claim will be dismissed, with leave
24  granted to amend.

25      **D. Third claim: Failure to accommodate (FEHA)**

26      Plaintiff's third claim, also pled under FEHA, alleges
27  defendant Superior Court's failure to accommodate her disability.

28

9

1    With certain exceptions, FEHA makes it an "unlawful

2   employment practice . . . [f]or an employer . . . to fail to make

3   reasonable accommodation for the known physical or mental

4   disability of an applicant or employee." Cal. Gov't Code

5   § 12940(m). "The essential elements of a failure to accommodate

6   claim are: (1) the plaintiff has a disability covered by FEHA;

7   (2) the plaintiff is a qualified individual (i.e., he or she can

8   perform the essential functions of the position); and (3) the

9   employer failed to reasonably accommodate the plaintiff's

10  disability." Cuiellette v. City of Los Angeles, 194 Cal. App. 4th

11  757, 766 (2011) (internal quotation and citations omitted).

12  Implicit in the third prong is the employer's knowledge of the

13  disability, as provided for in the statute. See, e.g., Prilliman

14  v. United Air Lines, Inc., 53 Cal. App. 4th 935, 950-951 (1997)

15  ("[W]e conclude that an employer who knows of the disability of

16  an employee has an affirmative duty to make known to the employee

17  other suitable job opportunities with the employer . . .").

18    While defendants are correct that plaintiff has failed to

19  adequately plead this claim, they nevertheless go on to misstate

20  the relevant law. Defendants cite King v. United Parcel Serv.,

21  152 Cal. App. 4th 426 (2007), for the proposition that "under

22  established case law arising under FEHA, an employee has the

23  burden of putting his or her employer on notice of a qualifying

24  disability and resulting need for accommodation." (Reply 6, ECF

25  No. 16.) But King addresses the plaintiff's evidentiary burden at

26  summary judgment, and as such, is not relevant to what

27  constitutes fair notice under Rule 8. Moreover, the specific

28  facts of King – in which the plaintiff was released from

1  disability leave by a doctor's note that permitted him to perform

2  "his regular duties and regular hours" without further

3  restriction – are what led the appeals court to find that the

4  plaintiff was required to put his employer on notice that,

5  despite what the note said, he still faced disability-related

6  issues. Id. at 443. The holding of King should not be unduly

7  generalized to all "failure to accommodate" cases. If plaintiff

8  alleges facts from which the court can infer that defendant

9  Superior Court knew of her disability, that is sufficient at the

10  pleading stage.

11      Plaintiff's third claim will be dismissed, with leave

12  granted to amend.

13      **E. Fourth claim: Failure to engage in the interactive**

14      **process (FEHA)**

15      Plaintiff's fourth claim, also pled under FEHA, alleges

16  defendant Superior Court's failure to engage in an interactive

17  process to determine reasonable accomodations.

18      FEHA makes it "an unlawful employment practice . . . [f]or

19  an employer . . . to fail to engage in a timely, good faith,

20  interactive process with the employee or applicant to determine

21  effective reasonable accommodations, if any, in response to a

22  request for reasonable accommodation by an employee or applicant

23  with a known physical or mental disability or known medical

24  condition." Cal. Gov't Code § 12940(n).

25      Plaintiff has failed to allege that she directed a request

26  to defendant Superior Court for reasonable accommodation. She

27  has, again, failed to allege the nature of her disability. And

28  she has also failed to allege that the Superior Court knew of her

11

1   disability. In light of the foregoing, plaintiff's fourth claim

2   will be dismissed, with leave granted to amend.

3       **F. Fifth claim: Retaliation (FEHA)**

4       Plaintiff's fifth claim, also pled under FEHA, alleges that

5   defendant Superior Court retaliated against her for asserting her

6   disability rights.

7       FEHA makes it an "unlawful employment practice . . . [f]or

8   any employer . . . to discharge, expel, or otherwise discriminate

9   against any person because the person has opposed any practices

10  forbidden under this part or because the person has filed a

11  complaint, testified, or assisted in any proceeding under this

12  part." Cal. Gov't Code § 12940(h). "To state a claim of

13  retaliation under FEHA, a plaintiff must show: (1) he engaged in

14  a protected activity, (2) he was subjected to an adverse

15  employment action, and (3) there is a causal link between the

16  protected activity and the adverse employment action." Rope v.

17  Auto-Chlor System of Wash., Inc., 220 Cal. App. 4th 635, 651

18  (2013) (citing Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028,

19  1042 (2005)).

20      Plaintiff again fails to state a claim, as she has not pled

21  facts describing the protected activity in which she engaged, the

22  adverse employment action to which she was subjected, or a causal

23  link between the two.

24      Accordingly, plaintiff's fifth claim will be dismissed, with

25  leave granted to amend.

26      **G. Sixth claim: Failure to prevent discrimination (FEHA)**

27      Plaintiff's sixth claim, also pled under FEHA, alleges that

28  defendant Superior Court "fail[ed] to protect the Plaintiff from

1   discrimination, harassment and/or retaliation because of her

2   physical/mental disability." (FAC ¶ 38.)

3       FEHA makes it an "unlawful employment practice . . . [f]or

4   an employer . . . to fail to take all reasonable steps necessary

5   to prevent discrimination and harassment from occurring." Cal.

6   Gov't Code § 12940(k).

7       Plaintif fails to state a claim under Section 12940(k), for

8   two reasons. First, she has not pled facts satisfying the claim's

9   elements. Section 12940(k) "creates a statutory tort action with

10  the usual tort elements (duty of care to plaintiff, breach of

11  duty, causation and damages)." Ellis v. U.S. Sec. Assocs., 224

12  Cal. App. 4th 1213 (2014) (quoting Ming W. Chin, et al., Cal.

13  Practice Guide: Employment Litigation § 7:671 (2013)).

14       Second, "An actionable claim under section 12940,

15  subdivision (k) is dependent on a viable claim for

16  discrimination." Rope, 220 Cal. App. 4th at 660. As noted above,

17  plaintiff failed to state a claim for discrimination under FEHA;

18  accordingly, her claim for failure to prevent discrimination must

19  also fail.

20       The court will dismiss plaintiff's sixth claim, but grant

21  her leave to amend.

22       **H. Seventh claim: 42 U.S.C. § 1983**

23       Plaintiff's seventh claim, pled under 42 U.S.C. § 1983, is

24  pled against defendant Gonzalez in his personal capacity.

25  Plaintiff therein alleges that Gonzalez, acting "under color of

26  state law, interfered with Plaintiff's rights pursuant to the

27  First Amendment of the U.S. Constitution." (FAC ¶ 42.)

28

1    This claim is devoid of factual content, and as such, is
2    inadequately-pled. One cannot even tell *which* First Amendment
3    right plaintiff claims that Gonzalez interfered with. Was it
4    plaintiff's right to freedom of speech or her right to petition
5    the Government for a redress of grievances? Plaintiff's
6    opposition further obscures the issue, as she therein cites the
7    elements for pleading retaliation for the exercise of First
8    Amendment rights. It should go without saying that claims for
9    interference with the exercise of Constitutional rights (*i.e.*,
10   the claim that is purportedly pled in the FAC) are distinct from
11   claims for retaliation for exercising such rights.

12   Accordingly, plaintiff's seventh claim will be dismissed,
13   with leave granted to amend.

14   **IV.  CONCLUSION**

15   Based on the foregoing, the court hereby orders as follows:

16   [1] Plaintiff's first cause of action is DISMISSED WITH
17   PREJUDICE.

18

19   [2] Plaintiff's remaining causes of action are DISMISSED
20   WITHOUT PREJUDICE.

21

22   [3] Plaintiff is GRANTED leave to file a second amended
23   complaint no more than twenty-one (21) days after docketing
24   of this order.

25   IT IS SO ORDERED.

26   DATED:   April 25, 2014.

27   LAWRENCE K. KARLTON
     SENIOR JUDGE
     UNITED STATES DISTRICT COURT

28

14